```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION

GERARD DAVID MCREE, JR.,      :
AIS #203840                   :
                              :
    Plaintiff,                :
                              :
vs.                           :      CIVIL ACTION 15-604-CB-M
                              :
CORIZON HEALTH CORRECTIONAL   :
MEDICAL SERVICES, et. al.,    :
                              :
    Defendants.
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. (Doc. 1). This action has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72. For the reasons set forth below, this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(g).

Standard of Review

Under the Prisoner Litigation Reform Act ("PLRA"), prisoners are permitted to file only three meritless suits in the *in forma pauperis* status. 28 U.S.C. § 1915(g). Specifically, § 1915(g) states in pertinent part:

1

> In no event shall a prisoner bring a civil action or appeal judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id*.  This section, known as the "three-strike rule", mandates that once a prisoner has three actions dismissed for one of the reasons stated above, "he is not entitled to proceed *in forma pauperis* . . . unless he can demonstrate that he meets the 'imminent danger' requirement of § 1915(g)."  *Pointer v. Marc*, 2011 WL 847012, at *1 (S.D. Ohio Mar. 8, 2011).  "[T]he PLRA revokes [*in forma pauperis*] privileges and requires the prisoner to pay the same filing fees that ordinary citizens must file upon commencement of a suit."  *Hubbard v. Haley*, 262 F.3d 1194, 1996 (11th Cir. 2001).  "The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed."  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

                              DISCUSSION

After reviewing the records of the United States District Courts for the Southern, Middle, and Northern

2

Districts of Alabama, the Court discovered that Plaintiff has had at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Gerard David McCree, Jr. v. Eric Jones*, 2:07-cv-280-KOB-JEO (N.D. Ala. May 9, 2007)(dismissed for failure to state a claim upon which relief can be granted); *Gerard David McCree, Jr. v. Sheriff D.T. Marshall, et al.,* 03-774-ID-SRW (M.D. Ala.)(11th Cir. Apr. 3, 2006)(appeal dismissed as frivolous); *Gerard David McCree, Jr. v. Naphcare Health Servs. et al.*, 03-22-CG-C (S.D. Ala. Sept. 15, 2003)(dismissed as frivolous).  Therefore, the present action falls within the scope of 28 U.S.C. § 1915(g).[1]

As a result, the only way for Plaintiff to avoid the dismissal of the present action under § 1915(g), is for him to show that he was "under imminent danger of serious physical injury" at the time of the complaint's filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)(stating that, "[b]y using the term 'imminent,'

---

[1] Plaintiff's Complaint indicates that he has filed other lawsuits in state or federal court; however, despite the requirement that he list all such actions, he lists only one (Doc. 1 at 3).  Plaintiff then signed his Complaint under penalty of perjury (*Id.* at 13).  The failure to list prior cases is considered sanctionable conduct warranting the dismissal of an action for an abuse of process and the counting of the dismissal as a strike.  *Hill v. Bishop*, 2012 WL 1698382, at *2-3 (S.D. Ala. Apr. 12, 2012) (reviewing prisoner cases that were dismissed as a sanction for the plaintiff's failure to list his prior cases because of the plaintiff's failure was an abuse of process).

Congress indicated that it wanted to include a safety valve for the 'three-strikes' rule to prevent impending harms, not those harms that had already occurred."); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)(concluding that a prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under section 1915(g)"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(the imminent danger of serious physical injury faced must be at the time the complaint is filed, not at a prior time).

In a prisoner action, the complaint is filed when a "prisoner deliver[s] it to the prisoner authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266 (1988). The filing of this action appears to have occurred between November 16, 2015, when Plaintiff signed and dated the Complaint (Doc. 1 at 3), and November 23, 2015, when it was docketed by the Court. (Doc. 1).[2]

In assessing whether Plaintiff satisfies the exception to § 1915(g), "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."

---

[2] For the purposes of this Report and Recommendation, the Court will use November 16, 2015, as the date of the filing.

4

*Brown v. Johnson*, 387 F.3d at 1350. A plaintiff "must allege and provide specific fact allegations of an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." Ball v. Allen, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007)(unpublished)(citations and quotation marks omitted).

According to the Complaint, Plaintiff has suffered from a sexually transmitted disease since 2000, prior to his incarceration, which "has long caused discharge from the Plaintiff's man hood when every attempted Bible movement is attempted" and "cause's (sic) harm and pain to the body by the help of dermodectic mites that lives (sic) under the skin and on the body."  (Doc. 1 at 4).  In 2000, Plaintiff was diagnosed with Trichomoniasis by the Department of Health in Montgomery, Alabama, and prescribed two medications.  *Id*.  Plaintiff complains that neither of those medications are available to him within the Alabama Prison System and that numerous other medications have been unhelpful in minimizing the effects of his disease. (*Id*. at 4-5).[3]  More specifically, Plaintiff has asserted that in

---

[3] The majority of Plaintiff's treatment for this condition, from 2000 to 2010, took place at Kilby and St. Clair Prisons.  Plaintiff was not transferred to Holman until 2010.  (*Id*.)

5

July, 2015, he "was seen by Dr. Kouns (right after the Defendants fail (sis) attempt to stop the infection and the dermodectic mites) the doctor had witness (sic) the mites had physically damaged the Plaintiffs arms, the Defendant stated 'that the county health department medications are not used within their medical services but their service has something almost of the same.'" (*Id*. at p. 5). Plaintiff was then given medication for his "discharge infection" and diagnosed with scabies, which resulted in additional treatment (*Id*. at 5-6; Ex. D). According to Plaintiff, he used the medications as directed but, in September, he was still experiencing symptoms related to his condition. (*Id*. at p. 6). On September 25, 2015, following another visit for his ongoing medical complaints, Plaintiff was given a cream for his skin. (*Id*. at p. 7). According to the exhibits filed with Plaintiff's Complaint, Plaintiff was seen on multiple occasions for his condition from April 2015, until September 25, 2015, and the "Requests Slips" submitted by Plaintiff indicate that each time Plaintiff completed a request, he was given a response within a few days. (Ex. B-C, E-H).[4]

---

[4] It is unclear whether Plaintiff has been seen by any doctors since September 25, 2015, although the request slips indicate that it was intended for Plaintiff to be seen again.

6

The Court finds that Plaintiff has not satisfied the exception to § 1915(g).[5] Plaintiff's Complaint fails to allege any facts showing that he was "under imminent danger of serious physical injury" at the time his Complaint was filed on November 16, 2015. To the contrary, the facts alleged (as detailed above) evidence that Plaintiff has a long-standing condition that has been treated since 2000 and that continues to be treated. While Plaintiff may not agree with the course of his treatment, there are no facts which indicate that without additional and/or different treatment, his condition will cause imminent serious physical injury. As a result, Plaintiff's Complaint does not meet the exception under § 1915(g).

## CONCLUSION

Based on Plaintiff's failure to pay the full filing fee for this action or to satisfy § 1915(g)'s exception and for the reasons set forth herein above, this action is due to be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(g).

---

[5] Prior to determining that Section 1915(g) warranted dismissal of this action, this Court additionally reviewed Plaintiff's Complaint under 28 U.S.C. section 1915(e)(2)(B)(ii) and found that Plaintiff's Complaint would have, likewise, been dismissed for failure to state a claim upon which relief could be granted. More specifically, this Court determined that the facts alleged by Plaintiff established a history of medical treatment for the complained of illness(es) which could in no way rise to the level of subjective disregard required under the Eighth Amendment, even assuming Plaintiff could establish that his condition was an objectively serious medical need.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. GenLR 72. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely

8

incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 12th day of January, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE